

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3676

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3676

XUE MIE LIN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73-050-043
(U.S. Immigration Judge: Honorable Donald Vincent Felise)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: June 25, 2009)

OPINION OF THE COURT

PER CURIAM.

Xue Mei Lin petitions for review of an order of the Board of Immigration Appeals (BIA or Board), which denied her motion to reopen her asylum case. We will deny the petition.

I.

Lin, a native and citizen of China, originally applied for asylum and other relief on the grounds of political opinion relating to her participation in the student democratic movement in her home country.[1] The IJ found that Lin lied to the court and that even if she were found credible, her experiences did not constitute persecution. The BIA affirmed without opinion on August 30, 2002.

Years later, on April 27, 2007, Lin filed a motion to reopen and to file a successive asylum application, claiming that she was an unwed mother of two children born in the United States. She asserted that the motion was exempt from the ninety-day time restriction on motions to reopen because her motion was based on changed country conditions in China and based on facts not previously available to her. Specifically, Lin contended that she would likely be persecuted as a violator of the one-child rule of the family planning law, because enforcement of the law by forcible sterilization or abortion was becoming more frequent in Fujian Province, her home province. Lin argued in her

---

[1] Lin's affidavit in support of her first asylum petition stated that she had one daughter and that she was pregnant with a second child and feared that she would be forced to have an abortion and possibly be sterilized if returned to China. A.R. 399. Her brief to the BIA on direct appeal contains a similar claim. A.R. 179. However, the IJ apparently heard no testimony concerning this claim, and did not comment on the claim.

motion to reopen that the United States Court of Appeals for the Second Circuit had

recognized new evidence showing a change in country conditions–that is, a new policy in

Fujian Province with regard to enforcement of birth control laws on couples whose

children were born abroad. Lin noted that reports had earlier shown that special

privileges were extended to returning overseas couples with children born abroad, A.R.

376-77 (1998 U.S. State Department Profile of Asylum Claims for China); but that such

was no longer the case. In support of her motion to reopen, Lin included an affidavit by

demographer Dr. John Aird, A.R. 49-70; a 2006 Fujian Province family planning notice,

stating foreign-born children of Chinese nationals would be counted the same as

Chinese-born children for family planning purposes, A.R. 71-76; a State Department

Consular Information Sheet from 2004, indicating that China does not recognize dual

citizenship, A.R. 77-91; the Family Planning Regulations of Fujian Province from

November 2000 along with Questions and Answers (Q&A), A.R. 92-114;[2] as well as

numerous news articles, including some recounting forced abortions and/or sterilizations

in Shandong province, (see A.R. 47, listing background information submitted). Lin

also included documentation of her children's births; a letter from a friend, recounting

how officials had recently forced her to have an abortion, A.R. 30-37; and a letter from

an older cousin indicating that she was forcibly sterilized and had to pay a large fine,

---

[2] We note that this piece of evidence predates the IJ's decision in Lin's case, and that Lin did not assert that this piece of evidence was unavailable at her previous hearing.

3

A.R. 39-45. Lin also sought to file a claim pursuant to the United Nations Convention Against Torture (CAT), arguing that forcible sterilization and abortion are forms of torture.[3]

On August 21, 2007, the BIA denied the motion. The Board found that Lin's motion lacked sufficient relevant material evidence to show changed country conditions, and thus the motion was time-barred because it did not fall within any exceptions to the time limitation.[4] Lin filed a timely petition for review.[5]

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir. 2009). In addition, we uphold the BIA's factual determinations if they are supported by substantial evidence. Id.

We reject Lin's argument that her case is similar to Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), where we vacated the denial of motions to reopen based on

---

[3] Lin did not raise the issue of relief under the CAT in her opening brief in this Court; the issue is thus waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

[4] In general, a motion to reopen must be filed no later than ninety days after the date of the final administrative decision. See 8 C.F.R. § 1003.2(c)(2). The general rule is subject to some exceptions, such as for changed country conditions, if proffered evidence is material, was not available, and could not have been discovered or presented at the earlier hearing. 8 C.F.R. § 1003.2(c)(3)(ii).

[5] The petition for review was stayed pending the Court's decisions in several similar cases. Those cases have been decided, and the parties have filed supplemental briefs addressing those decisions.

4

the BIA's failure to discuss the evidentiary record. Here, the BIA discussed most of the documentary evidence provided by Lin. Although Lin is correct that the BIA did not specifically mention some of her submissions, this is not a case like Zheng where the BIA did little more than quote passages from an earlier decision without addressing the evidence contained in the record before it. Id. at 268-69.

First, the Board found that it had previously rejected some of the evidence Lin provided with her motion; specifically, the Aird affidavit and other documentation cited in Shou Yung Guo v. Gonzales, 463 109 (2d Cir. 2006). In Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), which was the Board's decision after the Second Circuit's remand in Shou Yung Guo, the BIA specifically found that Dr. Aird's affidavit was not persuasive in establishing a change in family planning policy or enforcement in Fujian Province. Second, the Board here also specifically found that the 2006 Fujian Province family planning notice Lin provided was very similar to a 2003 document that the Board had previously rejected in Matter of S-Y-G-. The Board further specifically discussed and rejected the letters Lin submitted because they lacked indicia of reliability. We do not find that the Board abused its discretion in that regard.

Lin argues that the Board "completely ignored the State Department Consular Information Sheet that returning children born in the U.S. with Chinese national parents

5

are to be treated equally as Chinese national children,"[6] and "failed to review other credible news reports on the worsening country conditions and abuse of human rights in the implementation of the birth control laws and policy of China in the record." Pet. Supp. Br. at 2. Although we have remanded where the Board has "fail[ed] to discuss most of the evidentiary record," see Zheng, 549 F.3d at 269; we do not require the Board "to write an exegesis on every contention" raised by the movant, see Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002). The evidence that Lin says the Board ignored is not necessarily material to Lin's motion. The Consular Information Sheet stated that China regards children of Chinese nationals to be Chinese citizens, and does not recognize any citizenship the children may have acquired at birth, such as U.S. citizenship, see A.R. 78; but the Consular Information Sheet says nothing about how such children are treated for family planning law purposes in China. The articles Lin submitted concerning forced abortions and sterilizations occurred in Shandong Province, not in Fujian province. The BIA here examined the background evidence submitted, and determined, as it did in Matter of S-Y-G-, that this evidence did not show a material change in family planning policy in Fujian Province. Substantial evidence supports the BIA's conclusions.

Finally, to the extent Lin's motion to reopen included an alternative request to file a successive asylum application, which the BIA did not address, we find that no remand is

---

[6] The Government mistakenly states that Lin did not include this evidence with her motion to reopen. Resp. Supp. Br. at 7.

necessary, as we held in <u>Liu v. Attorney General</u>, 555 F.3d 145 (3d Cir. 2009) that, after completion of removal proceedings, any asylum application the alien files must be filed in conjunction with a motion to reopen and must meet the time and numerical limitations on motions to reopen. <u>Id</u>. at 152.

Accordingly, we will deny the petition for review.